## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02346-DDD-NYW

ALLEN FARRIS,

      Plaintiff,

v.

DEPUTY STEPP, in his individual capacity,
SERGEANT MARTINEZ, in his individual capacity,
LIEUTENANT ELBE, in his individual capacity,
CAPTAIN M. TURNER, in his individual capacity,
SHERIFF STEVE REAMS, in his individual and official capacities, and
WELD COUNTY TRAINING OFFICER DEPUTY DIAZ, in his individual capacity,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on two Motions:

(1)    The Motion for Dismissal of Claims in Plaintiff's Complaint [ECF 1] Against Sheriff Steve Reams for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) From Sheriff Steve Reams (the "Motion to Dismiss") [Doc. 78, filed May 10, 2021]; and

(2)    Plaintiff Farris['s]  Pro Se Motion to Compel[] Defendants to Produce Relevant Requested Discovery Documents (the "Motion to Compel") [Doc. 97, filed August 18, 2021].

The undersigned considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 29, 2020 [Doc. 33], and the Orders Referring Motion dated May 11, 2021 [Doc.

79] and August 19, 2021 [Doc. 99].  Having carefully reviewed the Motions and associated briefing, the case docket, and the applicable law, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.  Further, the court **ORDERS** that the Motion to Compel is **DENIED without prejudice**.

**BACKGROUND**

## I.   Procedural History

Plaintiff Allen Farris ("Mr. Farris" or "Plaintiff") initiated this action by filing his pro se Prisoner Complaint on August 6, 2020, alleging violations of his statutory and constitutional rights. *See* [Doc. 1].  In his Prisoner Complaint (the "Complaint"), Mr. Farris claims that, while he was a pretrial detainee at the Weld County Jail, he was the victim of a racially motivated assault and subsequent cover-up.  *See generally* [*id.*].  Mr. Farris named Deputy Stepp, Sergeant Martinez, Lieutenant Elbe, Captain M. Turner, Weld County Training Officer Deputy Diaz, and "Sheriff John Doe, Sheriff Weld County Jail" as Defendants.  [Doc. 1 at 1, 3-4].  The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis*, [Doc. 4], and ordered that the case be drawn to a presiding judge without further amendment.  [Doc. 5].  Upon his assignment, the presiding judge, the Honorable Daniel D. Domenico, referred this action to the undersigned. [Doc. 33].

On October 13, 2020, the then-named Defendants filed a Motion for Partial Dismissal, [Doc. 34], seeking partial dismissal of Plaintiff's Complaint for failure to state a cognizable claim. On April 26, 2021, this court issued a Recommendation of United States Magistrate Judge (the "April Recommendation") in which the undersigned recommended that the Motion for Partial Dismissal be granted.  [Doc. 68 at 31].[1]  In addition, this court took judicial notice of the fact that

---

[1] The April Recommendation is currently pending before the presiding judge.

the Weld County Sheriff is Sheriff Steve Reams ("Sheriff Reams"), *see* [*id.* at 30], and ordered Defendants to show cause why the case caption should not be amended to substitute Sheriff Reams for Sheriff John Doe.  [*Id.* at 33].  On April 30, 2021, Defendants responded without objection to substituting Sheriff Reams for John Doe.  [Doc. 71 at 3].  This court subsequently discharged the Order to Show Cause, directed the Clerk of Court to amend the case caption to reflect the naming of Sheriff Reams as a Defendant, and ordered Sheriff Reams to respond to Plaintiff's Complaint on or before May 10, 2021.  [Doc. 73].  Sheriff Reams then filed the instant Motion to Dismiss, seeking the dismissal of all claims against him.  [Doc. 78 at 1-2].

In addition, in the April Recommendation, this court lifted the then-pending stay of discovery and pretrial scheduling.  [Doc. 68 at 33].  On August 18, 2021, Plaintiff filed the instant Motion to Compel.  [Doc. 97].  Plaintiff seeks a court order directing Defendants to produce numerous materials requested by Plaintiff in the course of discovery, as set out below.  *See* [*id.* at 1-6].  Defendants responded in opposition on September 13, 2021, first arguing that the Motion to Compel should be denied on procedural grounds, as the present stage of this litigation renders Plaintiff's discovery request inefficient and untenable, [Doc. 105 at 1-2], and further arguing that the Motion to Compel should be denied on the merits because Plaintiff is not entitled to the documents he seeks.  [*Id.* at 3-14].

## II.    Factual Background

This court set forth the factual background of this case in the April Recommendation, *see* [Doc. 68 at 4-5], but because Sheriff Reams newly challenges the sufficiency of Plaintiff's claims, the court will do so again here as relevant to the Motion to Dismiss.  The court draws these facts from the Complaint and presumes them to be true for purposes of the Motion to Dismiss.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

At all times relevant to this action, Plaintiff was detained at the Weld County Jail awaiting trial on criminal charges. [Doc. 1 at 6]. At approximately 5:30 a.m. on the morning of November 20, 2019, Defendant Stepp approached Mr. Farris as the detainee was collecting his breakfast food tray. [*Id.*]. Defendant Stepp stated, "'Farris let me see your I.D.'" as he approached Plaintiff. [*Id.*]. Mr. Farris's identification was clipped to the front of his shirt, and he showed it to Defendant Stepp before picking up his breakfast food tray. [*Id.*]. Defendant Stepp then repeated, "'Farris let me see your I.D.'" [*Id.*]. In response, Mr. Farris asked to first put his food tray down because his hands were full. [*Id.*]. Defendant Stepp then "swung his hand," striking Plaintiff's wrist, "knocking the trays from [Plaintiff's] hand," and injuring Plaintiff's wrist. [*Id.*]. Defendant Stepp's training officer, Defendant Diaz, was present during the incident "in the course of training and monitoring" Defendant Stepp, which was "in accordance with the [Weld County Jail] policies & procedures promulgated and issued by" Sheriff Reams. [*Id.*]. At some indeterminate time after the incident, Defendant Diaz explained to Plaintiff that Defendant Stepp has "'anger issues that he is working on.'" [*Id.*].

According to Mr. Farris, who is Mexican, the November 20 incident was motivated by Defendant Stepp's "known" racial animus for "'Mexicans from California.'" [*Id.*]. Mr. Farris filed administrative grievances related to the November 20 incident, asserting that Defendant Stepp's actions violated Plaintiff's constitutional and statutory rights. [*Id.*]. In response to Mr. Farris's grievances, Defendants admitted that Defendant Stepp's conduct was inappropriate and asserted that corrective action with Defendant Stepp was initiated after the incident but denied that his actions violated the law or Plaintiff's legal rights. [*Id.*].

Mr. Farris alleges that Sheriff Reams "failed to properly train his [subordinates] under the law to ensure that they do not violate [detainees'] rights guaranteed under the laws" and "failed in

his mandated duties to promulgate policy & procedure to guide his [subordinates] in fulfilling their duties as employees of the Weld County Sheriffs Office [sic], and County Jail." [*Id.* at 7]. Mr. Farris ties such alleged failures to Defendant Stepp's alleged assault and racial animus against Plaintiff. [*Id.*]. Plaintiff filed this action on August 6, 2020, raising claims against Sheriff Reams in his individual and official capacities. *See* [*id.* at 4]. He asserts generally that Sheriff Reams violated his constitutional rights under the Eighth and Fourteenth Amendments and his statutory rights under 42 U.S.C. §§ 1981, 1982, 1985, and 1986; and 28 U.S.C. § 1331. *See generally* [*id.*].[2] Plaintiff seeks monetary damages, but not injunctive relief. [*Id.* at 9].

In his Motion to Dismiss, Sheriff Reams argues that all of Plaintiff's claims against him should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 78]. On May 27, 2021, Mr. Farris responded to the Motion to Dismiss, wherein he moved the court "to incorporate all [of] his previous alleged claims and case law citations stated in [his] Objections to the Magistrates [sic] Report and Recommendation." [Doc. 84 at 1 (emphasis omitted)]; *see also* [Doc. 82 (the "Objections")].[3] Sheriff Reams replied on June 7, 2021. [Doc.

---

[2] While Mr. Farris appears to tie only the claims under the Eighth and Fourteenth Amendment to Sheriff Reams, *see* [Doc. 1 at 7], the Motion to Dismiss addresses all of the above claims as if they are raised against Sheriff Reams, *see* [Doc. 78], and Plaintiff asserts in his Response that he has "established allegations showing [Sheriff Reams's] violations of [Plaintiff's] rights under" 42 U.S.C. §§ 1981, 1982, 1983 1985, and 1986, as well as 28 U.S.C. § 1331. [Doc. 84 at 2]. The court thus construes the Complaint as asserting each of these claims against Sheriff Reams.

[3] The Practice Standards of Judge Domenico state that response briefs "shall not exceed 4,000 words," but [f]or any party who does not have access to a word-processing system with a word-count function, typewritten or legibly handwritten pleadings are subject to page limitations instead." *See* DDD Civ. § III.A.1, 6. Judge Domenico has determined that, for these parties, their response briefs shall not exceed 15 pages. *See id.* at § III.A.6. Here, Plaintiff's Response and Objections combined total 28 pages. *See* [Doc. 82; Doc. 84]. Because the undersigned is not the presiding judge, the court declines to rule that Plaintiff's briefing cannot be fully considered, and will construe Plaintiff's Response as asserting the arguments both in the Response and the Objections.

89].  Because the Motions are ripe for consideration, I address the Motions and the Parties' related arguments below.

## ANALYSIS

## MOTION TO DISMISS

I.     **Legal Standard**

A.     **Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even *pro se* litigants cannot rely on conclusory, unsubstantiated allegations to survive a 12(b)(6) motion).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible").

The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  Should

the court receive and consider materials outside the complaint, the court may convert a Rule 12(b)(6) motion to a motion for summary judgment if the parties have notice of the changed status and the nonmovant responded by supplying its own extrinsic evidence. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004). However, a district court may consider legal arguments contained in a brief in opposition to dismissal or documents referred to in the complaint that are central to a plaintiff's claim, without converting the Rule 12(b)(6) motion into a summary judgment motion, if the Parties' do not dispute their authenticity. *See Cty. of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). In addition, the court may consider documents subject to judicial notice, including court documents and matters of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

### B.      Pro Se Pleadings

In applying the above principles, this court is mindful that Mr. Farris proceeds pro se and the court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## II.     Analysis

Sheriff Reams argues that all of Plaintiff's claims against him should be dismissed for failure to state a claim under Rule 12(b)(6). [Doc. 78]. This court first analyzes whether Plaintiff has stated a claim under 42 U.S.C. §§ 1981, 1982, 1985, or 1986 and 28 U.S.C. § 1331. Then, I consider whether Mr. Farris has sufficiently stated his claims arising under § 1983.

A.        **Non-Section 1983 Claims**

First, Sheriff Reams argues that Mr. Farris fails to a state claim under §§ 1981, 1982, 1985, 1986, or 1331 ("non-Section 1983 claims").  [Doc. 78 at 4].  For the reasons that follow, I find that Mr. Farris has failed to state a cognizable claim against Sheriff Reams under any of these statutes, and thus respectfully recommend that the Motion to Dismiss be granted as to Mr. Farris's non-Section 1983 claims.

1.        Claims Under 42 U.S.C. §§ 1981, 1982

***Section 1981***.  "By its language, Section 1981 establishes four protected interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments."  *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989).  To state a § 1981 claim in a non-employment context, a plaintiff must plead facts demonstrating that (1) he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of his race; and (3) the discrimination concerned one or more activities enumerated in § 1981.  *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001).[4]

Sheriff Reams argues that Plaintiff's § 1981 claim must be dismissed because Plaintiff has not alleged facts demonstrating that Sheriff Reams has discriminated against Plaintiff in the context of any of the four interests protected by § 1981.  [Doc. 78 at 4].  In addition, Sheriff Reams argues that Mr. Farris fails to allege "facts permitting the inference of discrimination."  [*Id.*].  In

---

[4] In its April Recommendation, this court discussed the split within the District concerning whether a claim under § 1981 must be based on a contract, *see* [Doc. 68 at 11-12], but ultimately declined to pass on the issue upon finding that Mr. Farris's factual allegations were insufficient to state a cognizable claim under any theory.  *See* [*id.* at 12].  Similarly, the court does not address this issue here, as the court finds that Mr. Farris fails to allege sufficient facts to meet the 12(b)(6) standard under any theory.

his Response, Plaintiff simply argues that he has adequately stated a claim under § 1981. [Doc. 84 at 2]. And in his Objections, which Plaintiff incorporated into his Response, Plaintiff asserts that he "alleges more than one of the grounds establishing the 1981 claim." [Doc. 82 at 8]. The court addresses Plaintiff's assertions in turn.

The Right to Make and Enforce Contracts. First, Plaintiff argues that he is a third-party beneficiary of the Weld County Jail's contract for cafeteria supplies, such as meal trays and utensils. [Id. at 9]. He asserts that Defendants Stepp and Diaz "deprived [him] of his protected rights and interests to receive and consume and use the contracted supplies of which were/are intended for his and other inmates['] use" by Defendants "violently assaulting the food tray, food itself, and the utensils themselves from [Plaintiff's] hands causing injury." [Id.]. According to Mr. Farris, for these reasons, he has sufficiently alleged a § 1981 claim based on the deprivation of the right to make and enforce contracts. *See generally* [*id.*].

"[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Any claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). The Supreme Court has acknowledged "the possibility that a third-party intended beneficiary of a contract may have rights under § 1981." *Id.* n.3; *but see Galarza v. Fitness Int'l LLC*, No. 6:16-cv-877-ORL-37KRS, 2016 WL 11464176, at *3 (M.D. Fla. Dec. 9, 2016) ("The U.S. Supreme Court has neither affirmed nor denied 'the possibility that a third-party intended beneficiary of a contract may have rights under § 1981.'"). The Tenth Circuit has also suggested that an *intended* third-party beneficiary to a contract may assert a § 1981 claim in relation to that contract. *See Hampton*, 247 F.3d at 1119.

Despite this precedent, the court finds that Mr. Farris has failed to state a § 1981 claim based on an alleged interference with his right to make or enforce contracts on multiple bases.

*First*, Plaintiff's argument is based on facts not alleged in the Complaint.  The Complaint makes no reference to any contract governing the provision of cafeteria supplies to the Weld County Jail.  *See* [Doc. 1].  In other words, the Complaint fails to "identify an impaired 'contractual relationship'" under which Mr. Farris has rights.  *Domino's Pizza*, 546 U.S. at 476; *see also Lewis v. Com. Bank & Tr.*, No. 03-4218-RDR, 2004 WL 813832, at *2 (D. Kan. Mar. 15, 2004) (dismissing § 1981 claim where there were "no facts alleged in the complaint which describe interference with plaintiff's ability to make and enforce contracts").  To the extent that Plaintiff relies upon new facts asserted in his Objections to support his claim, facts raised in a response brief cannot be used to survive a Rule 12(b)(6) motion.  *See Warad W., LLC v. Sorin CRM USA Inc.*, 119 F. Supp. 3d 1294, 1305 (D. Colo. 2015) ("[W]hen deciding a Rule 12(b)(6) motion, this Court may not consider new allegations contained in a plaintiff's response."); *see also In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss.").

*Second*, even assuming the court could consider Plaintiff's third-party-beneficiary contentions—which it cannot—Plaintiff has failed to allege facts showing that he was or is an intended third-party beneficiary of a contract and that his right to enforce that contract or enjoy the benefits and privileges thereof has been violated.  The "[p]erformance of a contract will often benefit a third person.  But unless the third person is an intended beneficiary as here defined, no duty to him is created."  Restatement (Second) of Contracts § 302, cmt. e.  An incidental beneficiary—i.e., someone who benefits from a contract but is neither a promisee nor an intended beneficiary—does not have the right to enforce that contract.  *Hampton*, 247 F.3d at 1119.  Because

the Complaint contains no allegations related to any contract, *see* [Doc. 1], there are no current allegations related to the express terms of the purported contract or the intent of the parties to that contract—relevant factors in determining whether a third-party beneficiary was intended or incidental. *See* 13 Williston on Contracts § 37:10 (4th ed.) ("[I]n most jurisdictions, the intent to benefit a third party can be shown not only by the contract's express language but also by the surrounding circumstances, and many modes of expression of intent are accepted by the courts."). As such, Mr. Farris has not sufficiently alleged that he is an intended beneficiary of a contract under which he has rights. *Hampton*, 247 F.3d at 1119.  And for this reason, Mr. Farris cannot allege that his right to enforce or enjoy the privileges of that contract have been violated by Sheriff Reams. *Domino's Pizza*, 546 U.S. at 476.   The court finds that Mr. Farris cannot state a § 1981 claim based upon an alleged violation of his right to make or enforce contracts.

        The Right to Sue.  Next, Plaintiff asserts that his right to sue, be a party, and give evidence under § 1981 has been violated by Defendants, including Sheriff Reams, by "their conspiratorial activities in the administrative [remedy] processes, and their concealment and cover-up activities to protect each other as co-conspirators and further their conspiracy and its interests, via overt acts, and deny plaintiff his rights to sue defendants for the deprivation of his rights."  [Doc. 82 at 9].

        This court's independent research yielded no precise definition of the "right to sue, be parties, and give evidence" in the context of § 1981, nor is there clear precedent concerning the contexts in which this clause applies.  This clause "has been infrequently used because normally there will be some government involvement which will permit suit to be brought under Section 1983." 2 State and Local Government Civil Rights Liability § 4:15; *see also* Barry L. Refsin, *The Lost Clauses of Section 1981: A Source of Greater Protection After* Patterson v. Mclean Credit Union, 138 U. Pa. L. Rev. 1209, 1211 (1990) (describing this clause as "largely ignored").

However, it appears that this clause applies, at minimum, to "actions that restrict the right to use the judicial process." *Id.* at 1232.

The court could locate no legal authority establishing that this clause applies to the administrative grievance process in jails or prisons. *But see Phelps v. Washburn Univ. of Topeka*, 632 F. Supp. 455, 459 (D. Kan. 1986) (finding that the plaintiffs' allegations that they were denied access to the administrative grievance process in academic setting stated a claim under § 1981). However, even assuming, without deciding, that this clause does apply to Plaintiff's filing of grievances, the Complaint contains no allegations asserting that Plaintiff's right to sue, be a party, or give evidence was hindered throughout his administrative grievance process. Indeed, the Complaint does not allege facts that, taken as true, would allow a factfinder to conclude that Sheriff Reams hindered or violated Mr. Farris's ability to file grievances or to fully exhaust the grievance process. *See generally* [Doc. 1]; *cf. Phelps*, 632 F. Supp. at 459 (claim under § 1981 based on the *denial of access* to the grievance process generally, *not* the substantive denial of a submitted grievance). At most, Plaintiff alleges that, in answering Plaintiff's grievances, Defendants admitted that Defendant Stepp "was wrong for striking the food tray" but denied that Defendant Stepp violated the law. [Doc. 1 at 6]. But not only does this statement not specifically identify Sheriff Reams as a Defendant who denied the grievance, *see Wanton v. N.M. Dep't of Corr.'s Health Care Provider*, No. CV 16-01058 JCH/GJF, 2016 WL 9774954, at *2 (D.N.M. Dec. 16, 2016) ("The Complaint does not identify who did what to whom and is wholly insufficient to state a claim upon which relief can be granted."), a conclusory assertion that Mr. Farris's grievance was denied does not demonstrate that Mr. Farris's *access* to the judicial process was restricted; in fact, it suggests the opposite, as it appears that Mr. Farris's grievance was considered and denied on the merits.

Although Mr. Farris cursorily alleges that Defendants "conspired to cover up [Defendant Stepp's] violent racial animus for [M]exicans, and his angry outbursts and behavior towards them," *see* [Doc. 1 at 6], "[l]egal conclusions couched as factual allegations are insufficient evidence to defeat a motion to dismiss." *Wildearth Guardians v. Pub. Serv. Co. of Colo.*, No. 09-cv-01862-ZLW-MEH, 2010 WL 1568574, at *1 (D. Colo. 2010).  Moreover, Mr. Farris does not tie this alleged cover-up to any denial of his right to sue, be a party, or give evidence, nor does he allege—for purposes of the claim against Sheriff Reams in his individual capacity—factual allegations demonstrating that Sheriff Reams was involved in this alleged cover-up. *See* [Doc. 1 at 6 (alleging that Defendants Stepp, Martinez, Elbe, Turner, and Diaz were involved)].  "Personal participation is an essential element of any individual liability claim under §§ 1981 or 1983 against a government official." *Atwell v. Gabow*, No. 06-cv-02262-JLK, 2008 WL 906105, at *8 (D. Colo. Mar. 31, 2008), *aff'd*, 311 F. App'x 122 (10th Cir. 2009) (unpublished).  For these reasons, the court finds that Mr. Farris cannot state a claim under § 1981 based on the alleged violation of his right to sue, be a party, or give evidence.

<u>Full and Equal Benefit of the Laws</u>.  Generally, cases under the full and equal benefit clause require a plaintiff to show (1) racial animus; (2) a relevant law or proceeding for the "security of persons and property"; and (3) that the defendant deprived the plaintiff of the full and equal benefit of such law or proceeding. *Phillip v. Univ. of Rochester*, 316 F.3d 291, 297-98 (2d Cir. 2003); *see also Chapman v. Higbee Co.*, 319 F.3d 825, 832-33 (6th Cir. 2003) (requiring a plaintiff to demonstrate "the denial of the benefit of a law or proceeding protecting his or her personal security or a cognizable property right").

This court previously concluded that, with respect to the other Defendants, Plaintiff failed to allege specific facts sufficient to show that he was deprived of the full and equal benefit of a

specific, relevant law or proceeding for the security of persons and property because he had not pointed to a specific statute or identified any proceeding to which he was entitled but not provided. [Doc. 68 at 13 (citing [Doc. 1])].  Plaintiff now argues that he was denied the right to the full and equal benefit of the laws because he was denied his "contract rights and the benefits therefrom, [and] his rights to sue, to be a party to the suit and secure evidences in support of his suit."  [Doc. 82 at 10].  In other words, Plaintiff argues that Sheriff Reams violated § 1981 by violating § 1981.

As this court already concluded, the Complaint contains no allegations which satisfy the second and third elements of a § 1981 claim premised on the full and equal benefit clause.  *See* [Doc. 1]; *see also Chapman*, 319 F.3d at 833.  As a result, the court finds that Plaintiff has not stated a claim under § 1981 based on the full-and-equal benefit clause.

<u>Like Pains and Punishments</u>.  As set forth in its earlier Recommendation, this court's independent research yielded no precise definition of "pains and punishments" in the context of § 1981, either within or outside the Tenth Circuit.  Treatises analyzing § 1981 recognize that the statute does not provide a general cause of action for race discrimination, but focuses instead on providing equal opportunity to legal remedies and legal process.  14 C.J.S. *Civil Rights* § 23 (2021). "Protected rights include the right to contract, the right to earn a living, the right to participate in public benefit programs, the right to fair use and access to justice, the right to petition the government for redress of grievances, and the right to give evidence."  *Id.* (citations omitted).  And the term "pains and punishments" suggests to this court the administration of criminal justice, such as excessive bail, excessive fines, or incarceration as captured by the Eighth Amendment of the United States Constitution.  *See, e.g.*, John D. Bessler, *The Concept of "Unusual Punishments" in Anglo-American Law: The Death Penalty As Arbitrary, Discriminatory, and Cruel and Unusual*, 13 NW J. L. & Soc. Pol'y 307, 337 (2018) (discussing the historical development of the prohibition

against cruel and unusual punishment).

Plaintiff argues that he has sufficiently stated a § 1981 claim based on the like-pains-and-punishments clause because he "was subjected to unlawful, excessive pains and punishments by defendants supra, due to plaintiff being a [M]exican from [C]alifornia." [Doc. 82 at 10]. While the court does not downplay the seriousness of Plaintiff's allegations, the court cannot conclude that his allegations against Sheriff Reams—that Sheriff Reams failed to properly train his subordinates or failed to promulgate policies or procedures to guide his subordinates in fulfilling their duties—falls within the purview of this clause or the Eighth Amendment, "i.e., the denial of the minimal civilized measure of life's necessities." *Brown v. Laurie*, No. 19-3229-SAC, 2020 WL 1244652, at *2 (D. Kan. Mar. 16, 2020).

For all of these reasons, the court respectfully concludes that Plaintiff has not sufficiently stated a claim pursuant to § 1981.

***Section 1982***. Section 1982 provides that all United States citizens "shall have the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. It prohibits private and public discrimination on the basis of race in selling or renting property. *Jones v. Alfred Mayer Co.*, 393 U.S. 409, 89 S. Ct. 685, 21 L. Ed. 2d 634 (1968). To establish a *prima facie* § 1982 claim, a plaintiff must allege that "(1) [he] is a member of a racial minority; (2) defendants denied [him] rights or benefits connected with the ownership of property; and (3) defendants would not have denied these rights and benefits in the absence of racial discrimination." *Zhu v. Countrywide Realty*, 160 F. Supp. 2d 1210, 1232 (D. Kan. 2001).

Sheriff Reams argues that Plaintiff's § 1982 claim must fail because he has not alleged facts sufficient to demonstrate that he was denied his rights or benefits connected with property

ownership.  [Doc. 78 at 5].  Insofar as Plaintiff claims that Defendant Stepp "interfered" with Plaintiff's possession of the tray Defendant Stepp slapped out Plaintiff's hands, Sheriff Reams contends that, because Mr. Farris has not alleged that he owned the tray in question, he fails to state a claim under § 1982.  [*Id.*].  In response, Mr. Farris states: "Plaintiff HAS established allegations showing [Sheriff Reams's] violations of [Plaintiff's] rights under [§ 1982], (SEE: OBJECTIONS)."  [Doc. 84 at 2].  In his Objections, Mr. Farris argues that "he has contractual rights of ownership [in the tray] in that the contracts are entered into by the defendants with commercial contractors for the benefit of plaintiff and other inmates."  [Doc. 82 at 12].

This court respectfully agrees with Sheriff Reams.  This court previously determined that the Complaint contains no allegations that the food tray was Mr. Farris's property, *see* [Doc. 68 at 15-16], and Plaintiff has asserted no basis here for a different conclusion.  Indeed, the Complaint contains no allegations suggesting that Plaintiff owns the meal tray that was knocked from his hands.  [Doc. 1].  To the extent Plaintiff argues in his Objections that he had ownership rights to the tray because he was the third-party beneficiary of Defendants' indeterminate and ill-defined contract entered into unnamed parties, [Doc. 82 at 12], the court cannot consider these new allegations in ruling on the Motion to Dismiss, *Warad*, 119 F. Supp. 3d at 1305, and in any event, conclusory allegations without any supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110.  The court finds that the Complaint does not sufficient state a claim under § 1982.

Accordingly, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that Plaintiff's § 1981 and § 1982 claims against Sheriff Reams be **DISMISSED without prejudice** for failure to state a cognizable claim.

2.      Claims Under 42 U.S.C. §§ 1985, 1986

Sections 1985 and 1986 both relate to conspiracies to violate civil rights. I consider Plaintiff's claims under each section in turn.

**Section 1985**. To state a claim under § 1985(2), a plaintiff must allege facts demonstrating "(1) a conspiracy, (2) to deter testimony by force or intimidation, and (3) injury to the plaintiff." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994). In addition, to state a claim under § 1985(3), a plaintiff must allege "(1) the existence of a conspiracy; (2) intended to deny him equal protection under the laws or equal privileges and immunities of the laws; (3) resulting in an injury or deprivation of federally-protected rights; and (4) an overt act in furtherance of the object of the conspiracy." *Jemaneh v. Univ. of Wyo.*, 82 F. Supp. 3d 1281, 1306 (D. Colo. 2015) (citing *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995)); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993)), *aff'd*, 622 F. App'x 765 (10th Cir. 2015) (unpublished). Thus, to state a § 1985 claim under either subsection (2) or (3), a plaintiff must allege, "'either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants.'" *Brever*, 40 F.3d at 1126 (quoting *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990)). Conclusory allegations that the defendants engaged in a conspiracy are insufficient; rather, a plaintiff must plead "specific facts showing an agreement and concerted action amongst the defendants." *Jemaneh*, 82 F. Supp. 3d at 1306 (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)). A plaintiff must adequately plead a violation of § 1985, i.e., an actionable conspiracy, to state a claim under § 1986. *See Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo. 1998).

Sheriff Reams contends that Plaintiff fails to plead the existence of a civil conspiracy, which is a requisite element of a § 1985 claim under either subsection (2) or (3). More specifically,

he argues that Plaintiff has failed to allege specific facts indicating that Sheriff Reams communicated with, acted in concert with, or had a meeting of the minds with any other Defendant. [Doc. 78 at 6]. In response, Plaintiff again directs the court to his Objections, *see* [Doc. 84 at 2], wherein he asserts in a cursory fashion that he has sufficiently pled the conspiracy element because Defendants Stepp and Diaz conspired to conceal the racially motivated assault on Plaintiff, which was furthered by the overt concealment acts of Defendants Martinez, Elbe, Turner, and Sheriff Reams. [Doc. 82 at 13]. Plaintiff, however, makes no argument specific to Sheriff Reams and does not otherwise explain how the Complaint adequately alleges that Sheriff Reams participated in the alleged conspiracy. *See generally* [*id.*].

In its April Recommendation, the court found that, even construed liberally and read in the light most favorable to Plaintiff, the Complaint fails to allege "any specific communication or command from which a conspiracy can be inferred." [Doc. 68 at 18 (quoting *Selhime v. Carlson*, No. 12-cv-02876-RBJ-CBS, 2014 WL 641762, at *1, *14 (D. Colo. Feb. 19, 2014))]. The court reaches the same conclusion again here. Mr. Farris provides nothing more than conclusory allegations in support of his theory that Defendants were engaged in a conspiracy against him, and fails to plead any specific facts concerning Sheriff Reams's alleged acts in concert with other Defendants. This failure to plead a conspiracy is fatal to Mr. Farris's § 1985 claim under either subsection. *See Jemaneh*, 82 F. Supp. 3d at 1306-07 (dismissing plaintiff's § 1985 conspiracy claims for failure to state a claim where plaintiff failed, *inter alia*, to allege more than bare, conclusory allegations to support a finding of agreement, concerted action, or intent among the defendants).[5]

---

[5] Moreover, as this court explained in its April Recommendation, *see* [Doc. 68 at 18-19] the Complaint fails to allege any facts which, taken as true, show that any two (or more) Defendants conspired "to deter testimony by force or intimidation," as required to state a claim under § 1985(2), *Brever*, 40 F.3d at 1126; *see also* 42 U.S.C. § 1985(2), and also fails to allege that the

For these reasons, the court concludes that Mr. Farris has not adequately stated a claim under § 1985, and for this reason, this claim should be dismissed.  *See Julien v. Milyard*, No. 07-cv-02176-REB-KLM, 2008 WL 5663941, at *3 (D. Colo. Sept. 15, 2008) (recommending dismissal with prejudice of pro se prisoner's claims brought pursuant to §§ 1985 and 1986 for failure to state a claim), *report and recommendation adopted in relevant part*, 2009 WL 455284 (D. Colo. Feb. 23, 2009).

**Section 1986**.  The existence of a valid § 1985 claim is a prerequisite for a viable claim under § 1986. *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985).  Because this court finds that Mr. Farris fails to state a claim under § 1985, he also failed to state a claim under § 1986. *See id.* (a valid claim brought pursuant to § 1985 is a prerequisite to liability pursuant to § 1986); s*ee also Julien*, 2008 WL 5663941, at *3 (dismissal of plaintiff's § 1986 claim warranted where he failed to state § 1985 claim).

Accordingly, this court respectfully **RECOMMENDS** that the Motion to Dismiss **GRANTED** with respect to Plaintiff's § 1985 and § 1986 claims and that these claims be **DISMISSED without prejudice** for failure to state a claim.

3.   Claim Under 28 U.S.C. § 1331

To the extent Mr. Farris asserts a claim under § 1331, he appears to do so by invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  In *Bivens*, the United States Supreme Court recognized that § 1331 implicitly provides a private right of action for violations of constitutional rights by federal agents. *Id.*  However, Sheriff Reams is a state official, not a federal

purported conspiracy was motivated by a racial animus on the part of Sheriff Reams, as required to state a claim under subsection (3). *Camick v. Holladay*, 758 F. App'x 640, 646 (10th Cir. 2018) (unpublished).  These pleading failures provide additional bases for dismissal of Plaintiff's § 1985 claim.

officer, and is thus not subject to a *Bivens* action.  *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (reiterating that § 1983 provides a cause of action against state actors while *Bivens* provides "a private action for damages against federal officers") (internal quotation marks omitted); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[A] *Bivens* claim can be brought only against federal officials.").  Accordingly, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**, and Plaintiff's § 1331 claim against Sheriff Reams be **DISMISSED with prejudice**.[6]

### B.      Section 1983 Claims

The court next considers Mr. Farris's claims against Sheriff Reams under 42 U.S.C. § 1983, which allege violations of his Eighth and Fourteenth Amendment rights.  [Doc. 1].  Construing Plaintiff's Complaint liberally, I conclude that he asserts these claims against Sheriff Reams in his official and individual capacities.  The court first addresses the propriety of Mr. Farris asserting a claim pursuant to the Eighth Amendment before turning to his individual-capacity claims under the Fourteenth Amendment, and then, finally, the court addresses Mr. Farris's official-capacity claims.

### 1.      Eighth Amendment

Sheriff Reams contends that Plaintiff's Eighth Amendment claims fail as a matter of law because Mr. Farris was a pretrial detainee at the time of Sheriff Reams's alleged misconduct. [Doc. 78 at 7].[7]  Mr. Farris responds that he has sufficiently alleged an Eighth Amendment violation

---

[6] A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[7] Sheriff Reams concedes that this claim is available under the Fourteenth Amendment and asserts additional arguments in support of dismissal of a Fourteenth Amendment claim.  *See* [Doc. 78 at 8-9].

because he "was also a 'parole violator' along with being a 'pretrial detainee,'" [Doc. 84 at 2], an argument which this court has already rejected. [Doc. 68 at 21]. As the court previously explained, the Complaint does not allege that Mr. Farris was incarcerated for parole violations; instead, Mr. Farris alleges that he was a pretrial detainee "housed in the Weld County Jail awaiting trial on charges," [Doc. 1 at 2, 6], and the court cannot consider facts not raised in the Complaint in ruling on the Motion to Dismiss. *Warad*, 119 F. Supp. 3d at 1305.

"For those in pretrial confinement, such as Plaintiff, claims regarding mistreatment while in custody generally do not come within the protection of . . . the Eighth Amendment." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). Per the allegations set forth in his Complaint, Mr. Farris's allegations of mistreatment as a pretrial detainee must be assessed under the Fourteenth Amendment. *Id.*; *see also Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (noting that because plaintiff was a pretrial detainee, her excessive force claim was properly asserted under the Fourteenth Amendment). This court respectfully **RECOMMENDS** that Mr. Farris's Eighth Amendment claim against Sheriff Reams, in both his individual and official capacities, be **DISMISSED without prejudice**.

2.   Fourteenth Amendment Due Process Claim – Individual Capacity

A pretrial detainee may bring a claim under the Fourteenth Amendment Due Process Clause raising allegations of excessive force. *See, e.g.*, *Kingsley v. Hendrickson*, 576 U.S. 389, 391 (2015). While Mr. Farris does not allege that Sheriff Reams himself applied excessive force on Mr. Farris, he appears to allege that Sheriff Reams is liable based his supervisory status. *See* [Doc. 1 at 7]. A § 1983 defendant sued in his individual capacity may be subject to supervisory liability. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). But liability will not lie unless a plaintiff establishes the defendant's personal participation in the alleged constitutional violation.

*Pahls*, 718 F.3d at 1225 ("It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations.") (emphasis in original) (brackets, ellipsis, and internal quotation marks omitted).  Personal participation is a fundamental element of any § 1983 claim, as the defendant's liability hinges on an assessment of the defendant's conduct and culpability.  *See Pompeo v. Bd. of Regents of the Univ. of N.M.*, 852 F.3d 973, 982 (10th Cir. 2017); *A.M. v. Holmes*, 830 F.3d 1123, 1136 (10th Cir. 2016).[8]

For supervisory liability, it is not enough that a defendant was merely a supervisor for purposes of personal participation, as § 1983 does not "authorize liability under a theory of respondeat superior."  *Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018) (internal quotation marks omitted).  Rather, a plaintiff must establish an affirmative link between the supervisor and the constitutional violation, "which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind."  *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016).  A plaintiff may do so by alleging that a supervisor-defendant "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights," such as "creat[ing], actively endors[ing], or implement[ing] a policy which is constitutionally infirm."  *Doe v. Woodard*, 912 F.3d 1278, 1290 (10th Cir. 2019) (citations and internal quotation marks omitted).  Put simply, supervisor liability depends on the supervisor-defendant's own misconduct, not the misconduct of his subordinates.

---

[8] Generally, to impose § 1983 supervisory liability, the plaintiff must establish an underlying constitutional violation. *Est. of Vallina v. Cty. of Teller Sheriff's Off.*, 757 F. App'x 643, 647 (10th Cir. 2018) (unpublished).  But here, Defendants did not move to dismiss Plaintiff's excessive force claim against Defendant Stepp, *see* [Doc. 34 at 9 & n.3], and thus the sufficiency of Plaintiff's allegations against Defendant Stepp as to that claim are not and have not been before the court.  For this reason, the court assumes—without deciding and only for purposes of this Recommendation—that Plaintiff has sufficiently stated an excessive force claim against Defendant Stepp.

*Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

Sheriff Reams argues that Plaintiff's Fourteenth Amendment due process claim against him in his individual capacity should be dismissed because Plaintiff does not allege that Sheriff Reams was personally involved in any due process violation. [Doc. 78 at 8]. In addition, he asserts that Plaintiff has failed to establish a causal connection between any conduct on the part of Sheriff Reams and the alleged constitutional violation, and asserts that the Complaint fails to plead facts showing Sheriff Reams's culpable state of mind. [*Id.*]. In response, Mr. Farris argues that he has sufficiently alleged Sheriff Reams's personal participation in the alleged constitutional violation because he "personally participated in conspiracy overt act concealment activities, knowing full well that [he was] doing so, and that this is a common pattern, practice and procedure" of Defendants. [Doc. 82 at 15]. Moreover, he argues that Sheriff Reams failed to properly train and direct his subordinates "through the promulgation of policies and procedures in accord with the law and contemporary standards for the administration of American jails." [*Id.*].

As Defendants point out, the Complaint fails to assert any specific factual allegations demonstrating an affirmative link between Sheriff Reams's actions or inactions and the alleged constitutional violation. The Complaint states that, at the time of the alleged assault, "[Defendant] Diaz was in the course of training and monitoring [Defendant Stepp], in accordance with the Weld Co. jails policies & procedures promulgated and issued by" Sheriff Reams. [Doc. 1 at 6]. Aside from the vague and conclusory statement that Sheriff Reams promulgated policies and procedures—which is not accompanied by any factual allegations establishing that any Defendant was acting pursuant to those procedures—there no allegations demonstrating Sheriff Reams's personal participation in the alleged assault. *See Iqbal*, 556 U.S. at 678. Moreover, Mr. Farris does not identify such policies or procedures, nor does he allege or explain how those unidentified

policies and procedures caused his constitutional injury, and he does not allege that Sheriff Reams knew or should have known that the alleged policies or procedures would lead to the constitutional injury. *See generally* [Doc. 1]; *see also Woodard*, 912 F.3d at 1290 (the plaintiff must show that the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights). And finally, although Mr. Farris alleges that Sheriff Reams participated in some sort of conspiratorial cover-up, Mr. Farris does not tie this allegation to any policy or procedure or a failure to train—the only actual supervisor-liability bases of Mr. Farris's claims against Sheriff Reams. *See* [Doc. 1 at 7]; *cf. Est. of Olivas By & Through Miranda v. City & Cty. of Denver*, 929 F. Supp. 1329, 1338 (D. Colo. 1996) (granting summary judgment on § 1983 claim where the plaintiff "offer[ed] nothing but innuendo" to connect the constitutional injury to an alleged failure to train).[9]

For these reasons, the court finds that Mr. Farris fails to state an individual-capacity claim against Sheriff Reams alleging a violation of his Fourteenth Amendment due process rights. The court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that Plaintiff's § 1983 due process claim against Sheriff Reams be **DISMISSED without prejudice** for failure to state a claim.

3.     Fourteenth Amendment Equal Protection Claim – Individual Capacity

The Equal Protection Clause of the Fourteenth Amendment guarantees that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const.

---

[9] Insofar as the Complaint can be construed to allege that Sheriff Reams personally participated in the alleged violation because Defendants generally denied Plaintiff's grievances, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Howard v. Walde*, 534 F.2d 1227, 1243 (10th Cir. 2008) (official who is alleged only to have participated in grievance process not liable under § 1983).

amend. XIV, § 1, and "'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'"  *Soskin v. Reinertson*, 353 F.3d 1242, 1247 (10th Cir. 2004) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).  "The Clause 'creates no substantive rights. Instead, it embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly.'"  *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (quoting *Vacco v. Quill*, 521 U.S. 793, 799 (1997)).

To state an Equal Protection claim under § 1983, a plaintiff must allege facts showing that he or she is a member of a class of individuals that is being treated differently from similarly situated individuals who are not in that class.  *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012).  The plaintiff must demonstrate that the "'decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of' the law's differential treatment of a particular class of persons."  *Id.* at 685 (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).  "[P]urposeful discrimination is an essential element of an equal protection violation."  *Lewis v. Ft. Collins*, 903 F.2d 752, 755 n.1 (10th Cir. 1990) (quoting *Batson v. Kentucky*, 476 U.S. 79, 93 (1986)).  Moreover, to state a race-based equal protection claim, "[a] plaintiff must sufficiently allege that defendants were motivated by racial animus."  *Phelps*, 886 F.2d at 1269.

Sheriff Reams argues that Plaintiff fails to state a viable Fourteenth Amendment equal protection claim because he has failed to allege that Sheriff Reams "engaged in any conduct specifically directed at Plaintiff, nor is there any allegation that the Sheriff acted with discriminatory purpose."  [Doc. 78 at 8].  According to Sheriff Reams, the equal protection claim "is based purely on the allegations Deputy Stepp slapped Plaintiff's tray" and Deputy Stepp's alleged racial animus against Mexicans.  [*Id.*].  Sheriff Reams thus seeks dismissal of Plaintiff's

claim for failure to state a claim.  [*Id.*].  In response, Mr. Farris directs the court to his Objections, [Doc. 84 at 2], in which he argues that "Plaintiff has . . . shown that he has been treated differently from 'Colorado Mexicans' detained in the Weld Co Jail; due to the 'purposeful Discrimination' of [Defendants] only because plaintiff is a California Mexican."  [Doc. 82 at 14].

The court respectfully disagrees with Plaintiff's assertion.  Even construed liberally and read in the light most favorable to Plaintiff, the Complaint contains no allegations asserting that Sheriff Reams personally took any action directed at Plaintiff or acted with any discriminatory purpose.  *See* [Doc. 1].  And contrary to Plaintiff's argument, there are no allegations in the Complaint referring to any other Mexican inmates, such as those from Colorado versus California, nor any allegations in which Plaintiff asserts that he was treated differently than any other similarly situated individuals.  *See* [*id.*].  "In the absence of any specific allegations of differential treatment, [an] Equal Protection claim is patently inadequate . . . and [is] properly dismissed as frivolous." *Matelsky v. Gunn*, 15 F. App'x 686, 689 (10th Cir. 2001) (unpublished).   Accordingly, the court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that Plaintiff's equal protection claim against Sheriff Reams in his individual capacity be **DISMISSED** without prejudice.[10]

### 4.   Fourteenth Amendment Claims – Official Capacity

Insofar as Plaintiff's Complaint can be read to assert a due process claim or an equal protection claim against Sheriff Reams in his official capacity, Sheriff Reams argues that these claims should be dismissed for failure to state a claim.  [Doc. 78 at 11].  "An action against a

---

[10] Due to these conclusions, the court declines to address Sheriff Reams's argument that he is entitled to qualified immunity on Plaintiff's individual-capacity § 1983 claims.  *See* [Doc. 78 at 9].  However, should the presiding judge not adopt any portion of this Recommendation with respect to the § 1983 individual-capacity claims, the court is prepared to issue a supplemental Recommendation addressing the qualified immunity arguments.

person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Government entities can be sued directly only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

In order to state a claim for municipal liability under § 1983, a plaintiff must allege (1) the existence of an official policy or custom and (2) that the official policy or custom was the driving force behind the constitutional violation alleged. *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1205 (D. Colo. 2020). A plaintiff may show the existence of an official policy custom by showing the existence of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation and alteration marks omitted).

Sheriff Reams argues that Plaintiff has failed to state an official-capacity claim under either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment because he has failed to allege the existence of an official policy or custom. [Doc. 78 at 12]. Mr. Farris

counters that:

> through the process of discovery in this matter all of his claims stated in his complaint will be shown. There wil[l] be a pattern of said constitutional violations . . . and this court, in the interests of justice, should NOT allow the dismissal of the complaint against [Sheriff Reams], [as] Defendants can always reassert their motion to dismiss after the discovery process is complete."

[Doc. 84 at 4 (emphasis omitted)]. The court respectfully is not persuaded by Plaintiff's argument. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true," *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), i.e., whether Plaintiff has alleged sufficient facts showing that he has a plausible claim. And the case law is clear that judges are trusted to prevent discovery from becoming "fishing expeditions or an undirected rummaging for evidence of some unknown wrongdoing." *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009). The speculation that Plaintiff might uncover evidence during discovery which would bolster his claims has no bearing on whether he has met the pleading standards required in federal court. *See Miles v. Lawrence*, No. 10-cv-00104, 2011 WL 13086566, at *36 (D. Wyo. Apr. 15, 2011) (while it "may well be true" that fact issues might be best resolved after discovery, finding that "Plaintiff must still satisfy *Iqbal*"); .

Turning now to Sheriff Reams's arguments, the court agrees that the Complaint fails to state an official-capacity claim against him based on either an equal protection violation or a due process violation. The Complaint contains no allegations of an identified official policy or custom, let alone that such policy was the driving force behind any constitutional violation. At best, the Complaint asserts that (1) Sheriff Reams "oversee[s] the daily activities under policy and procedure in the Weld Co. jail, and is responsible for implementing said policy and procedure that defendants Stepp, Martinez, Elbe and Turner follow in the Weld Co. jail[, and] is directly

responsible for this event occurring violating [Plaintiff's] rights." [Doc. 1 at 4]. But Mr. Farris does not identify any such policy that allegedly caused a constitutional deprivation. *See Hedrick v. Craig Gen. Hosp.*, No. 08-cv-00629-CVE-TLW, 2009 WL 152545, at *2 (N.D. Okla. Jan. 21, 2009) (finding that the plaintiff had not adequately pled a municipal-liability claim where the plaintiff failed to identify the alleged policy that was the driving force of the injury).

To the extent that Plaintiff asserts in the Complaint that Sheriff Reams "fail[ed] to promulgate policy & procedure," [Doc. 1 at 7], this is insufficient to state an official-capacity claim absent any allegations of a pattern of unconstitutional conduct that could fairly be attributed to that lack of policy. *See Doe No. 1 v. Boulder Valley Sch. Dist. No. Re-2*, No. 11-cv-02107-PAB-KLM, 2012 WL 4378162, at *9 (D. Colo. Sept. 25, 2012), *aff'd*, 523 F. App'x 514 (10th Cir. 2013) (unpublished) ("Without notice or a pattern of previous actions based on the use of technology, plaintiffs cannot show that the lack of a policy on how to use electronic devices was the driving or moving force that led to plaintiffs' injuries."). Additionally, while Plaintiff alleges that Sheriff Reams failed to adequately train his subordinates, [Doc. 1 at 7], "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Plaintiff's conclusory allegation that Sheriff Reams failed to adequately train his staff, without any supporting facts, is insufficient to state a claim. *Hall*, 935 F.2d at 1110; *see also Bark v. Chacon*, No. 10-cv-01570-WYD-MJW, 2011 WL 1884691, at *3 (D. Colo. May 18, 2011) (dismissing claim where the plaintiff had not "allege[d] specific deficiencies in training and supervision, or explain[ed] how the incident described in the Amended Complaint could have been avoided with different or better training and supervision"). Finally, Mr. Farris's claims under the Fourteenth Amendment appear to be based solely on the incident with Defendant Stepp. *See* [Doc. 1 at 4]. But "[a]s a general rule, a single incident of

unconstitutional conduct is not enough.  Rather, a plaintiff must show that the incident resulted from an existing, unconstitutional policy attributable to a municipal policymaker." *Mondragon v. Gould*, No. CV 18-00703 WJ/LF, 2020 WL 6270623, at *3 (D.N.M. Oct. 26, 2020).  The court does not find that Mr. Farris has made such a showing.

For all of these reasons, the court finds that Mr. Farris fails to state an official-capacity claim against Sheriff Reams based on a violation of his equal protection or due process rights. Accordingly, the court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to Plaintiff's Fourteenth Amendment equal protection and due process claims against Sheriff Reams in his official capacity, and that those claims be **DISMISSED without prejudice** for failure to state a claim.

### III.    Plaintiff's Remaining Requests

Finally, the court briefly addresses certain requests Mr. Farris makes in his motion-to-dismiss briefing.  In his Response, Plaintiff "moves this honorable court to enter a default judgment against [Sheriff Reams] and order the clerk of court to enter same, as the clerk previously had failed to enter the requested default judgment against [Sheriff Reams] when plaintiff first motioned for same."  [Doc. 84 at 1 (emphasis omitted)].  First, this request is not properly before the court. The Local Rules of Practice for this District provide that "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d).  The court thus need not address Plaintiff's request.  *Elide Fire USA, LLC v. Auto Fire Guard, LLC*, No. 21-cv-00943-NYW, 2021 WL 3602861, at *4 (D. Colo. Aug. 13, 2021).  Moreover, this court has already recommended that Mr. Farris's Motion for Default Judgment be denied because no default has been entered by the Clerk of the Court, *see* [Doc. 68 at 30], which is currently pending before the presiding judge and to which Plaintiff has already

filed Objections.  *See* [Doc. 82 at 15].  As Plaintiff sets no forth no legal basis to compel the Clerk

of the Court to file an entry of default, the court declines to order the Clerk of Court to do so here.

In addition, Mr. Farris "moves this honorable court for [an] order denying notice of entry

of appearance, for counsel of record for the other named defendants to appear and represent

[Sheriff Reams] at this late date" because counsel of record "could have represented [Sheriff

Reams] earlier in this litigation but failed to do so."  [Doc. 84 at 1-2 (emphasis omitted)].  But this

request is improper under the Local Rules, D.C.COLO.LCivR 7.1(d), and Plaintiff asserts no legal

authority or argument in support of his request to "deny" the notice of appearance.  In addition,

this court knows of none.  *Cf.* D.C.COLO.LAttyR 5 (Rule 5 of the Local Rules of Practice of the

United States District Court for the District of Colorado-Attorney that governs the entry and

withdrawal of appearance of counsel).  The court thus denies this request.

## MOTION TO COMPEL

The court next turns to Mr. Farris's Motion to Compel.  *See* [Doc. 97].  In the Motion, Mr.

Farris moves this court for an order compelling Defendants to produce certain documents to him

which were requested in the course of discovery.  [*Id.*].  Defendants oppose Plaintiff's Motion,

arguing that "[g]iven the state of the proceedings, the impermissible nature of many of Plaintiff's

[requests], Defendants' valid objections, and the documents [already] produced," the court should

deny Plaintiff's Motion to Compel or, in the alternative, withhold a ruling until the resolution of

the Motions to Dismiss.  [Doc. 105 at 2].  Mr. Farris replied that the court should compel

production of the requested documents because they are all discoverable.  [Doc. 106 at 1-3].

In his Motion to Compel, Plaintiff seeks the following materials:

- All administrative grievances filed by inmates or pretrial detainees in the Weld County Jail related to excessive force, racial discrimination of inmates, destruction of inmates' property, and allegations of discrimination against inmates;

- All "copies of the court litigations" filed in state and federal courts alleging the above violations with respect to Defendants;

- Documents related to the resolution of the above filed administrative grievances and remedies;

- Documents related to the resolution or outcome of the "court litigations" referenced above;

- Names of all Weld County Jail employees who were disciplined for the violations above, plus dates of employment;

- Copies of all camera or video evidence regarding the incident "involving Plaintiff Farris, Defendants Stepp, Diaz, and other named Defendants" showing the alleged assault upon Plaintiff;

- Names and cell locations of all pretrial detainees and inmates residing in the Weld County Jail facility on the date of the incident at issue in this litigation;

- Policies and procedures related to when all inmates are provided meals in the jail facility;

- Policies and procedures directing how jail employees are to interact with inmates, as well as policies about professionalism, sensitivity training, anger management, and mental health standards;

- The actual contract for the purchase, preparation, and distribution of food supplies and meals to Weld County inmates; and

- Copies of all reports and statements of all witnesses to this incident wherein Plaintiff Farris was assaulted by Defendants Stepp and Diaz, including jail employee statements, inmate statements, and medical documents and statements.

[Doc. 97 at 1-5]. Pursuant to Rule 37(a)(1), a party may move for a court order compelling disclosure or discovery and must certify that she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). But ultimately, "[t]he administration of the rule[] lies necessarily within the province of the trial court with power to fashion such orders [as] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

At this juncture, the court declines to order Defendants to compel the above-referenced materials. In its April Recommendation addressing claims against the Defendants other than

Sheriff Reams, the court recommended that all but one of Plaintiff's claims be dismissed, *see* [Doc. 68 at 31-32], and in this Recommendation, the court recommends that all of Plaintiff's claims against Sheriff Reams be dismissed.   Should the presiding judge adopt the undersigned's Recommendations, the scope of this litigation will be significantly narrowed, which in turn will likely narrow the scope of discoverable information.   Indeed, should some of Plaintiff's claims be dismissed by the presiding judge, many of Plaintiff's requests may no longer be relevant or proportional to the needs of this case (and thus, no longer discoverable under Rule 26).   *See* Fed. R. Civ. P. 26(b)(1) (providing that parties may obtain discovery "that is relevant to any party's claim or defense and proportional to the needs of the case"); *see also Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-cv-00813-WYD-NYW, 2016 WL 1597589, at *3 n.1 (D. Colo. Apr. 21, 2016) (noting that "broad and untargeted discovery would likely not meet the proportionality requirement of Fed. R. Civ. P. 26(b)").   Given the uncertainty as to which of Plaintiff's claims will remain after resolution of the Motions to Dismiss, the breadth of the materials requested by Plaintiff, *see Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *7 (D. Colo. Feb. 8, 2010) (explaining that, generally, requests for documents "relating to" certain subjects or "all documents" of a certain kind are overbroad), and the court's desire to ensure the "just, speedy, and inexpensive determination of the lawsuit," *Robison*, 368 F.3d at 39, the court finds it most efficient to deny Plaintiff's Motion to Compel <u>without prejudice</u> pending the final resolution of the Motions to Dismiss, and to permit Plaintiff to re-file his Motion to Compel when the scope of this litigation going forward is more defined.   The court will accordingly **DENY** the Motion to Compel without prejudice with leave to re-file after the presiding judge rules on the pending Recommendations to the Motions to Dismiss, if appropriate.

## CONCLUSION

For the reasons set forth herein, this court respectfully **RECOMMENDS** that:

(1)   The Motion for Dismissal of Claims in Plaintiff's Complaint [ECF 1] Against Sheriff Steve Reams for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) From Sheriff Steve Reams [Doc. 78] be **GRANTED**;

(2)   Plaintiff's *Bivens* claim asserted against Sheriff Reams under 28 U.S.C. § 1331 be **DISMISSED with prejudice**; and

(3)   Plaintiff's remaining claims against Sheriff Reams be **DISMISSED without prejudice**.[11, 12]

---

[11] Sheriff Reams seeks dismissal of Plaintiff's claims with prejudice but does not address the legal standard applicable to dismissals with prejudice. *See* [Doc. 78 at 14]. Dismissal with prejudice is appropriate only when it is patently obvious the plaintiff cannot plead a plausible claim for relief and thus amendment would be futile. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that dismissal without prejudice to allow amendment of the complaint is appropriate where the plaintiff is "close to stating a claim but [is] missing some element that may not have occurred to him" (internal quotation marks omitted)); *cf. Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile" (internal quotation marks omitted)). While this court concludes that Plaintiff's claims are insufficiently pled, it is not patently obvious Plaintiff could not cure these pleading deficiencies, and thus dismissal without prejudice appears more appropriate.

[12] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-Fernandez v. INS*,

In addition, **IT IS ORDERED** that:

(1)     Plaintiff Farris['s]  Pro Se Motion to Compel[] Defendants to Produce Relevant Requested Discovery Documents [Doc. 97] is **DENIED without prejudice**;[13] and

(2)     A copy of this Order and Recommendation, marked as legal mail, shall be sent to:

> Allen Farris.#167319
> Arkansas Valley Correctional Facility (AVCF)
> 12750 Highway 96 at Lane 13
> Ordway, CO 81034
>
> Case Manager for Allen Farris, #167319
> Arkansas Valley Correctional Facility (AVCF)
> 12750 Highway 96 at Lane 13
> Ordway, CO 81034

DATED:  November 9, 2021                     BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

[13] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").